**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000039
14-MAR-2016
09:33 AM**

NO. CAAP-15-0000039

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CAROLYN P. MENDOZA, Plaintiff-Appellant,
v.
DWAYNE K. MENDOZA, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 93-1827)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Plaintiff-Appellant Carolyn P. Mendoza (**Carolyn**) appeals from the following, entered in the Family Court of the First Circuit[1] (**family court**):

(1) "Order Re: Motion and Declaration for Post-Decree Relief, Filed July 10, 2014" (**Post-Decree Order**), entered on October 27, 2014; and

(2) "Order Re: Motion for Reconsideration and for Entry of Findings of Fact and Conclusions of Law, Filed on November 17, 2014" (**Order Denying Carolyn's Motion for Reconsideration**) entered on December 29, 2014.

On appeal, Carolyn challenges the family court's conclusions of law (**COL**) (1) denying her request to garnish Defendant-Appellee Dwayne K. Mendoza's (**Dwayne**) federal retirement pension benefit (**Dwayne's Pension**), and (2) concluding

---

[1] The Honorable Gale L.F. Ching presided, unless otherwise indicated.

that it lacked the authority to modify the terms of Dwayne and Carolyn's Divorce Decree.

## I. BACKGROUND

Dwayne and Carolyn were married on March 12, 1966. In a Divorce Decree entered on October 28, 1993, the family court[2] granted Dwayne and Carolyn a divorce and divided all of their property. The Divorce Decree provided:

> b. _Alimony_. Beginning with a first payment on October 5, 1993, [Dwayne] shall pay to [Carolyn] the sum of $500.00 per month as and for alimony, such amount to be paid in two equal installments of $250.00 on the 5th and 20th days of each month. Each payment of alimony shall be for the month which begins on the due date of the payment.
>
> Alimony shall continue each month until the happening of the first of· the death of [Carolyn], the death of [Dwayne] or [Carolyn's] remarriage. [Carolyn] shall promptly inform [Dwayne] of her remarriage.
>
> c. _Property Division_.
>
> . . . .
>
> (8) _Retirement_. [Dwayne] will be eligible for retirement benefits under the Civil Service Retirement System [(Dwayne's Pension)]. [Carolyn] is awarded fifty percent (50%) of [Dwayne's] gross monthly annuity under the U.S. Civil Service Retirement System benefits.

Dwayne was employed as a federal employee of the United States Navy for approximately 47 years and retired on January 31, 2013. Dwayne's Pension from the Civil Service Retirement System began in October or November of 2013 and is his only source of income.

On April 14, 2014, Carolyn filed a "Motion and Declaration for Post-Decree Relief," which sought to enforce the Divorce Decree's alimony award and collect past alimony arrears. Carolyn alleged that Dwayne did not pay her alimony as required under the terms of the Divorce Decree. On May 28, 2014, the family court granted Carolyn's request for alimony arrears and interest in the amount of $103,011.78.[3] The family court also

---

[2]  The Honorable Patricia A. McManaman presided.

[3]  On June 24, 2014, the family court entered its Judgment in favor of Carolyn in the principal amount of $60,000 with statutory interest· in the amount of $43,011.78 for a total of $103,011.78.

ordered Dwayne "to continue to pay alimony of [$500] per month unless and until a court order is entered to the contrary."

On June 13, 2014, Dwayne filed his own "Motion and Declaration for Post-Decree Relief" (**Dwayne's Post-Decree Relief Motion**), which sought to terminate his alimony obligation under the Divorce Decree because he was now retired and Carolyn would begin receiving half of Dwayne's Pension.

On July 10, 2014, Carolyn filed another "Motion and Declaration for Post-Decree Relief" (**Carolyn's July 2014 Post-Decree Relief Motion**), which sought an award of an additional $500 in alimony for Dwayne's failure to pay alimony for the month of June and enforcement of the family court's $103,011.78 Judgment against Dwayne. Carolyn's July 2014 Post-Decree Relief Motion also requested the entry of an amended "Court Order Acceptable for Processing Under the Civil Service Retirement System" awarding her 60% of Dwayne's Pension, which would be a 10% increase in her share of his benefit from the 50% awarded in the Divorce Decree. Alternatively, Carolyn requested the family court enter an order garnishing Dwayne's Pension to "the maximum monthly amount permitted by law" until Dwayne paid back the alimony arrears in full.

On August 13, 2014, the family court held a hearing on Dwayne's Post-Decree Relief Motion and Carolyn's July 2014 Post-Decree Relief Motion. At the hearing, the family court agreed to amend its prior Judgment to add an additional $500 for the June alimony payment that remained unpaid since the court's original Judgment. The family court also instructed both parties to file supplemental memorandums explaining whether the family court had the authority to modify the Divorce Decree or the authority to garnish Dwayne's Pension to satisfy the alimony arrears.

On the same day, the family court entered its written order, which (1) granted Dwayne's Post-Decree Relief Motion by terminating his alimony obligation to Carolyn as of June 13, 2014 and (2) awarded Carolyn an additional $500 in alimony that accrued prior to June 13, 2014. The family court also reiterated

3

that the parties were to file and exchange supplemental memorandums by August 22, 2014, "addressing (a) the jurisdiction of [the family court] to issue [a Court Order Acceptable For Processing] re: [Dwayne's Pension], and (b) the court's authority to garnish [Dwayne's] retirement by court order and [Hawaii Revised Statutes (**HRS**)] § 651-124 [(Supp. 2015)]."

On October 1, 2014, the family court entered an Amended Judgment adding $500 to the principal amount awarded to Carolyn, which thereby increased the total judgment for alimony arrears to $103,511.78. On October 27, 2014, after receiving supplemental briefing from both parties, the family court entered its Post-Decree Order regarding Carolyn's July 2014 Post-Decree Relief Motion.

On November 17, 2014, Carolyn filed a "Motion for Reconsideration and for Entry of Findings of Fact and Conclusions of Law" (**Motion for Reconsideration**), pursuant to Hawai'i Family Court Rules (**HFCR**) Rule 59(e).[4] On December 29, 2014, the family court entered its Order Denying Carolyn's Motion for Reconsideration. On January 13, 2015, Carolyn filed a notice of appeal.

On March 30, 2015, the family court entered its "Findings of Fact and conclusions of Law Re: [Carolyn's] Motion and Declaration for Post Decree Relief Filed on July 10, 2014 and Motion for Reconsideration and for Entry of Findings of Fact and Conclusions of Law Filed on November 17, 2014," which concluded,

---

[4] HFCR Rule 59(e) provides, in relevant part:

> Rule 59.    NEW TRIALS; RECONSIDERATION OR AMENDMENT OF JUDGMENTS AND ORDERS.
>
> . . . .
>
> (e) **Motion to reconsider, alter or amend a judgment or order.** Except as otherwise provided by HRS section 571-54 regarding motions for reconsideration in proceedings based upon HRS sections 571-11(1), (2), or (6), a motion to reconsider, alter or amend a judgment or order is not required but may be filed no later than 10 days after entry of the judgment or order and shall be a non-hearing motion, except that the court in its discretion may set any matter for hearing.

in relevant part:

> 3. The Court lacks the authority to modify the Divorce Decree to increase [Carolyn's] share of [Dwayne's Pension] or to issue an amended [Court Order Acceptable for Processing] increasing [Carolyn's] share of [Dwayne's] federal retirement benefits.
>
> . . . .
>
> 7. [Dwayne's] monthly benefit from the Civil Service Retirement System are entirely exempt and cannot be attached or garnished under HRS § 651-124.
>
> 8. While 5 CFR §§ 581.101 and 581.103 [(Current through Jan. 28, 2016)] enable the garnishment of federal retirement benefits, they do not preempt HRS § 651-124 and do not prohibit states from adopting statutes protecting retirement from attachment, execution, garnishment, and any other legal process.

## II. STANDARD OF REVIEW

### A. Jurisdiction

> It is axiomatic that we are "under an obligation to ensure that [this appellate court has] jurisdiction to hear and determine each case and to dismiss an appeal on our own motion where we conclude we lack jurisdiction." BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 73, 549 P.2d 1147, 1148 (1976). "When we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal." Familian [Nw.], Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986).

Brooks v. Dana Nance & Co., 113 Hawai'i 406, 412, 153 P.3d 1091, 1097 (2007) (brackets and ellipsis in original omitted) (quoting Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986)).

### B. Motion for Relief from Judgment or Order

In Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 45 P.3d 359 (2002), the Hawai'i Supreme Court stated that the "circuit court's disposition of [a Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 60(b) motion is reviewed for abuse of discretion." Id. at 164, 45 P.3d at 364. The supreme court continued:

> The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Stated differently, an abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.
>
> Molinar v. Schweizer, 95 Hawai'i 331, 335, 22 P.3d 978, 982 (2001).

98 Hawai'i at 164, 45 P.3d at 364.

5

### III.  DISCUSSION

Under HFCR Rule 59(e), a motion to reconsider, alter, or amend a judgment or order must be filed "no later than 10 days after entry of the judgment or order . . . ."  HFCR Rule 59(e). The family court entered its Post-Decree Order denying Carolyn's July 2014 Post-Decree Relief Motion on October 27, 2014 and Carolyn filed her Motion for Reconsideration on November 17, 2014.  Carolyn's Motion for Reconsideration was, therefore, untimely under to HFCR Rule 59(e).

Although Carolyn invoked HFCR Rule 59(e) for her Motion for Reconsideration, this court may treat her motion as a HRCP Rule 60(b) motion for relief from judgment or order as we determine the nature of a party's motion based on the motion's substance.  See Anderson v. Oceanic Properties, Inc., 3 Haw. App. 350, 355, 650 P.2d 612, 617 (1982) ("[I]t is the substance of the pleading that controls, not its nomenclature." (citing Madden v. Madden, 43 Haw. 148, 149-50 (Haw. Terr. 1959)); see e.g., Ditto v. McCurdy, 103 Hawaiʻi 153, 160, 80 P.3d 974, 981 (2003) ("[E]ven if the trial court lacked authority to grant Ditto's HRCP Rule 59 motion, the court had authority to hear Ditto's HRCP Rule 60(b) motion.").[5]

HRCP Rule 60(b) provides that a party may be relieved from a final judgment, order, or proceeding for the following reasons:

> **Rule 60.  RELIEF FROM JUDGMENT OR ORDER**
>
> . . . .
>
> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.**
>
> . . . .

---

[5]  Carolyn's appeal from the family court's Post Decree Order was not timely.  Because Carolyn's motion for reconsideration under HFCR Rule 59(e) was untimely, she did not extend the time to appeal under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3).  Moreover, Carolyn's appeal from the family court's October 27, 2014 Post-Decree Order was not timely under HRAP Rule 4(a)(1).  Under HRAP Rule 4(a)(1), a party must file an appeal to this court within thirty days after the entry of judgment or the order appealed from.  Because Carolyn failed to file her notice of appeal within thirty days of when the family court entered its Post-Decree Order, this court does not have jurisdiction over Carolyn's appeal of the Post-Decree Order.

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

(Format altered.) Carolyn's Motion for Reconsideration does not provide a reason for why she should be relieved from the Post-Decree Order, let alone a reason enumerated under HRCP Rule 60(b). The family court, therefore, did not abuse its discretion in denying Carolyn's Motion for Reconsideration. See HRCP Rule 60(b).

In her arguments to the family court and on appeal, Carolyn assumes that HRS § 651-124[6] prohibits the garnishment of

---

[6] HRS § 651-124 provides:

§ 651-124 Pension money exempt. The right of a debtor to a pension, annuity, retirement or disability allowance, death benefit, any optional benefit, or any other right accrued or accruing under any retirement plan or arrangement described in section 401(a), 401(k), 403(a), 403(b), 408, 408A, 409 (as in effect prior to January 1, 1984), 414(d), or 414(e) of the Internal Revenue Code of 1986, as amended, or any fund created by the plan or arrangement, or any ABLE savings account established pursuant to chapter 256B, shall be exempt from attachment, execution, seizure, the operation of bankruptcy or insolvency laws under 11 United States Code section 522(b), or under any legal process whatever. However, this section shall not apply to:

(1)   A "qualified domestic relations order" as defined in section 206(d) of the Employee Retirement Security Act of 1974, as amended, or in section 414(p) of the Internal Revenue Code of 1986, as amended; and

(2)   Contributions made to a plan or arrangement within the three years before the date a debtor files for bankruptcy, whether voluntary or
(continued...)

7

Dwayne's Pension. Her only argument to the family court and on appeal for why she should be entitled to garnish Dwayne's Pension is that HRS § 651-124 is preempted by federal law which permits garnishment of federal employee retirement benefits.

It appears that contrary to Carolyn's assumption, HRS § 651-124(1) would permit the garnishment of Dwayne's Pension if the family court issued an appropriate order. While HRS § 651-124 generally exempts pension benefits from attachment, execution, and seizure, this exemption does not apply to a party that obtains a "'qualified domestic relations order' as defined . . . in section 414(p) of the Internal Revenue Code of 1986, as amended[.]" The referenced section 414(p) defines a "qualified domestic relations order" to include orders requiring distribution from a government plan, such as Dwayne's Pension, for alimony payments. See 26 U.S.C § 414(p)(1) and (11).

However, because Carolyn's only argument in support of her request to garnish Dwayne's Pension, both in the family court and on appeal, has been federal preemption, she has waived any claim based on HRS § 651-124(1). State v. Ildefonso, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992) ("Our review of the record reveals that [the defendant] did not raise this argument at trial, and thus it is deemed to have been waived."); State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]"); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."). Carolyn's argument that she is entitled to garnish Dwayne's Pension because federal law preempted HRS § 651-124 is without merit. Accordingly, we decline to overturn the family court's Order Denying Carolyn's Motion for Reconsideration.

---

[6](...continued)

> involuntary, or within three years before the date a civil action is initiated against the debtor, except for contributions to a retirement plan established by state statute if the effect would be to eliminate a state employee's retirement service credit.

8

## IV. CONCLUSION

Therefore, we lack appellate jurisdiction to review the October 27, 2014 "Order Re: Motion and Declaration for Post-Decree Relief, Filed July 10, 2014," and the appeal is dismissed in that regard. The December 29, 2014 "Order Re: Motion for Reconsideration and for Entry of Findings of Fact and Conclusions of Law, Filed on November 17, 2014," entered in the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, March 14, 2016.

On the briefs:

Dan S. Ikehara
and
Joyce J. Uehara
for Plaintiff-Appellant.

Donald L. Spafford, Jr.
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge